IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEBORAH JARRETT                                                                                     PLAINTIFF

VS.                                            4:20-CV-1517-BRW

ETHICON, INC., *ET AL.*                                                                        DEFENDANTS

**ORDER**

Pending are Plaintiff's Motions to Exclude the Testimony of Shelby Thames, Ph.D. (Doc. No. 71), Dr. C. Bryce Bowling (Doc. No. 69), and Dr. Juan Felix (Doc. No. 67). Defendants have responded.[1] For the reasons set out below, the motions are DENIED.

**I.    *DAUBERT* STANDARD**

The rules governing the admissibility of expert testimony (Fed. R. Evid. 702 and *Daubert Merrell Dow Pharms.*[2]) are known to the parties, and I will refrain from rehashing them here. If either side wants to see my previous recitation of these standards, I direct your attention to *In re Prempro Products Liability Litigation*.[3]

**II.   DISCUSSION**

    **A.    Dr. Shelby Thames**

        **1.    General Causation Opinions**

It appears to me that the issue of the admissibility of Dr. Thames's general causation opinions has already been addressed by the MDL court. Accordingly, I adopt the MDL court's

---

[1] Doc. Nos. 78, 79, 81.

[2] 509 U.S. 579 (1993).

[3] No. 4:03-CV-1507, 2012 WL 1303302, at *1-2 (E.D. Ark. April 19, 2012).

1

findings to the extent that they apply here – since the ruling is six years old, Dr. Thames may have since abandoned some of the opinions rejected by that court.[4]

### 2. 30(b)(6) Testimony

Plaintiff asserts that Defendants " have already admitted under oath through their 30(b)(6) corporate witness, Dr. Thomas Barbolt" a position that contradicts Dr. Thames's position.[5] Notably, Plaintiff cites the District Court of the District of Columbia to support her position. However, the Eighth Circuit is binding law here. It has held that "a 30(b)(6) witness's legal conclusions are not binding on the party who designated him, and a designee's testimony likely does not bind a [party] in the sense of a judicial admission."[6] This issue goes to Dr. Thames's credibility, not the admission of his testimony. I would point out that the Eighth Circuit, as well as I, "expect attorneys to advise us when adverse precedent may control an issue they are raising."[7]

### 3. Cleaning Protocol

Plaintiff also objects to Dr. Thames's opinions regarding "flawed cleaning protocol."[8] Again, this argument already has been rejected by the MDL court and is again rejected here.[9] As has been noted before, this is an issue for cross-examination.[10]

---

[4]*In re: Ethicon, Inc.*, No. 2327, 2016 WL 4608160 (S.D. W.V. Sept. 2, 2016).

[5]Doc. No. 72.

[6]*S. Wine & Spirits of Am., Inc. v. Div. of Alcohol & Tobacco Control*, 731 F.3d 799, 811–12 (8th Cir. 2013) (citing *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 229 n. 9 (3d Cir. 2009) and *A.I. Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001)).

[7]*United States v. Sterling*, 959 F.3d 855, 862 n.3 (8th Cir. 2020).

[8]Doc. No. 72.

[9]*In re Ethicon*, 2016 WL 4608160, at *3.

[10]*Olszeski v. Ethicon Women's Health & Urology*, No. 5:19CV1787, 2022 WL 1063737, at *5 (N.D. Ohio Apr. 8, 2022).

### 4. Extrusion Lines on Explanted Mesh

Plaintiff asserts that Dr. Thames's "opinion that the extrusion lines would not be 'essentially pristine' and would have degraded if surface occurred is based entirely on speculation and constitutes textbook *ipse dixit*."[11] This exact argument was made to a district court in the Northern District of Ohio, and rejected.[12] Plaintiff has provided no argument, and I seen no reason, to reject the well-reasoned opinion in that case. I agree with that court's finding that "Plaintiff's criticisms of Dr. Thames'[s] conclusions are more appropriately addressed by confrontation and cross-examination than exclusion at the *Daubert* stage."[13]

## B.  Dr. Bryce Bowling

Plaintiff asks to exclude Dr. Bowling's testimony about complications from mesh surgeries being common knowledge and his opinions on chronic inflammation and degradation.

After a review of the pleadings, I believe Dr. Bowling's opinions chin the pole under both standards. Again, Plaintiff's criticisms of Dr. Bowling's opinion could be fodder for cross-examination. Weighing the credibility of Dr. Bowling's conclusions rests with the jury.

## C.  Dr. Juan Felix

Plaintiff asserts that Dr. Felix's opinions should be excluded.[14] As with Dr. Thames, Plaintiff's makes the same arguments previously made to and rejected by the Northern District of

---

[11]Doc. No. 72.

[12]See *Olszeski v. Ethicon Women's Health & Urology*, No. 5:19CV1787 at Doc. No. 137, at p. 13 (N.D. Ohio Dec. 8, 2021) ("His opinion that the extrusion lines would not be 'essentially pristine" and would have degraded if surface oxidation/degradation occurred is based entirely on speculation and constitutes textbook *ipse dixit*.").

[13]*Olszeski v. Ethicon Women's Health & Urology*, 2022 WL 1063737, at *5.

[14]Defendant responds that "Plaintiff has withdrawn Iakovlev as a general pathology expert and concedes he will not testify at trial." Additionally, Dr. Iaskovlev is not listed on the pretrial disclosure sheet. Accordingly, the arguments related to him are denied as MOOT.

Ohio.[15]  Again, Plaintiff has provided no argument, and I seen no reason, to reject the well-reasoned opinion in that case.  The issues raised are for cross-examination, not exclusion.

## CONCLUSION

For the reasons set out above, Plaintiff's Motions to Exclude the Testimony of Shelby Thames, Ph.D. (Doc. No. 71), Dr. C. Bryce Bowling (Doc. No. 69), and Dr. Juan Felix (Doc. No. 67) are DENIED.

Notably, in at least one other case, it looks like both parties recommended adopting the MDL court's *Daubert* rulings without relitigating certain issues.[16]  The same would have been appreciated here, with each party reserving its objections.

IT IS SO ORDERED this 7th day of September, 2022.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[15]See *Olszeski v. Ethicon Women's Health & Urology*, No. 5:19CV1787 at Doc. No. 138, at p. 13 (N.D. Ohio Dec. 8, 2021); *Olszeski v. Ethicon Women's Health & Urology*, No. 5:19CV1787, 2022 WL 1058206, at *3 (N.D. Ohio Apr. 8, 2022).

[16]See *Davis v. Johnson & Johnson*, No. 2:20-CV-02635-HLT, 2022 WL 2116335, at *1 (D. Kan. June 9, 2022) ("The MDL court already issued some *Daubert* rulings regarding Thames, and both parties agree this Court should adopt those rulings.").